## CIRCUIT COURT OF YORK COUNTY
## AND THE CITY OF POQUOSON

Anthony T. Bavuso et al.

v.

J. Mark Carter,
Zoning Administrator, et al.

October 12, 2012

Case No. 12-4545-00

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on the petition of Anthony Bavuso and others to overrule a determination of the County's Zoning Administrator upheld by the York County Board of Zoning Appeals, requiring a special use permit for the continued use of his property for oyster farming. The petition will be sustained, and the rulings of the Zoning Administrator and the Board of Zoning Appeals will be reversed.

The facts, for the most part, are not in dispute and are well known to the parties and will not be set forth in detail.

Mr. Bavuso's residence is located in a residential district zoned RC-Resource Conservation. Bavuso began raising oysters at the property in 2010. On November 14, 2011, Carter determined that Bavuso required a special use permit to operate his business at his residence. Carter based his determination on § 24.1-200 which provides "a principal residential use shall not occupy the same lot with any other *principal* use" (emphasis added). Carter stated that there are no specific exceptions in the Code that would allow a single family residence and an aquaculture operation to co-exist as principal uses on RC-zoned property. He determined that, since two principal uses are not permitted, Bavuso must obtain a special use permit to authorize "Docking workboats and off-load seafood" pursuant to § 24.1-283 (Home Occupations).

This matter was heard by the Board of Zoning Appeals at its meeting on January 26, 2012, and Carter's decision was upheld, thus requiring Bavuso to obtain a special use permit. This petition was timely filed.

Bavuso argues that his activities constitute aquaculture and agriculture as defined by the Code prior to the amendments adopted on November 16, 2011. (Neither party has argued that the amendments apply to these proceedings.) "Aquaculture" was defined in § 24.1-104 as "a controlled environment to enhance growth or propagation of harvestable freshwater, estuarine, or marine life plant or animal species." "Agriculture," pursuant to § 24.1-104, includes "the keeping of animals and fowl. . . ." Animals are defined in that section as "all livestock and poultry." Livestock includes, *inter alia* "any other individual animals specifically raised for food or fiber. . . ." Hence, petitioner argues, he is engaged in activities that are permitted in the RC-Resource Conservation Zone pursuant to the table of uses found at § 24.1-306 and that permitted uses specifically do not require a special use permit. He further argues that Carter exceeded the authority given to him to interpret the Code when he determined that a "permitted use" in the table was a "principal use."

Petitioner is correct. "Principal use" is defined (§ 24.1-104) as "The primary or main use of land or structures, as distinguished from a secondary or accessory use." Nowhere in the Code is there an express statutory provision stating that "permitted" uses are "principal" uses. Respondent relies on a provision in the Code that states, when tables and diagrams conflict with text in the Code, that text prevails. That section is inapposite as there is no conflict between the table describing permitted uses and the text defining principal uses. There is no indication of a statutory intent that the two be defined as one and the same. Although Petitioner has not raised the ambiguity of the ordinance, one can only speculate as to how there could be two principal uses of property as defined in § 24.1-200.

Petitioner argues that Carter's interpretation is arbitrary and capricious in view of prior rulings that permitted farming, land agriculture, as a use along with a residential use. Further, he argues that Respondent's argument that "animals," as used in the Code, are vertebrate animals is inconsistent with a prior ruling that permitted worm farming as an agricultural use. Again, Petitioner is correct. The inconsistencies between these prior rulings and the ruling here indicate an arbitrary decision by the Administrator and the Board.

In view of the rulings in this case, it is not necessary to decide whether or not the actions of the Respondents violated State Code provisions regarding local regulation of agriculture.

Since Bavuso is engaged in a permitted activity, *i.e.* one that does not require a special use permit, the rulings of the Zoning Administrator and the Board of Zoning Appeals will be reversed.